IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HOA VAN NGUYEN**, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>**SPECIALIZED LOAN SERVICING LLC; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA6 MOTRGAGE PASSTHROUGH CERTIFICATES, SERVICES 2006-OA6**, <br><br>　　　　Defendants. | Case No. 3:18-cv-655-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

On March 6, 2018, Plaintiff Hoa Van Nguyen filed a complaint in Multnomah County Circuit Court against Defendants Specialized Loan Servicing LLC ("SLS"), Quality Loan Service Corporation of Washington ("Quality"), and The Bank of New York Mellon ("BNYM"). In the original complaint, Plaintiff asserted six claims against Defendants: declaratory judgment, breach of contract, intentional interference with economic relationship, violation of Oregon's

PAGE 1 – ORDER

Unfair Trade Practices Act, breach of the covenant of good faith and fair dealing, and violation of Or. Rev. Stat. § 86.748(1). On Plaintiff's motion, the state court issued a preliminary injunction, enjoining Defendants from proceeding with their scheduled non-judicial foreclosure of Plaintiff's home. Defendants removed the case to federal court and moved to dismiss the complaint and to dissolve the preliminary injunction. This Court granted the motion to dismiss without prejudice and denied the motion to dissolve the preliminary injunction without prejudice, and with leave to renew, if appropriate, after Plaintiff filed an amended complaint. ECF 24.

Shortly thereafter, Plaintiff filed an Amended Complaint and asserted three of the same claims he made in the original complaint: declaratory judgment, breach of contract, and intentional interference with economic relationship. ECF 25. Defendants SLS and BNYM moved to dismiss and to dissolve the preliminary injunction (ECF 26) and Defendant Quality joined with its own motion (ECF 27). Plaintiff's amended complaint differs from the original complaint in only one material aspect. The amended complaint adds one new paragraph, but is otherwise virtually identical to the original complaint. This new paragraph reads:

> At the time of the purported corrective assignment, MERS was not the designated nominee for Aegis Wholesale Corporation, as Aegis Wholesale Corporation was dissolved at the time, having gone out of business on October 27, 2010. MERS was not authorized to act on Aegis's behalf as Aegis's agent.

ECF 25 ¶10.

The bare assertions in this paragraph cannot cure the deficiencies in Plaintiff's allegations. To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court need not credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

PAGE 2 – ORDER

Plaintiff provides no factual support for its legal conclusion that MERS was not authorized to act on Aegis's behalf as Aegis's agent. The fact that Aegis Wholesale Corporation was dissolved at the time of the corrective assignment has no effect on whether MERS was authorized to act on Aegis's behalf. Under Oregon law, a dissolved corporation does not automatically cease to exist, but may carry on business appropriate to wind up and liquidate the corporation's business and affairs. *See* Or. Rev. Stat. 60.637. Although Plaintiff claims that there is no evidence showing that Aegis transferred the beneficial interest through a line of succession that ends with BNYM, the 2017 corrective assignment that Plaintiff attached to his amended complaint tells a different story. The 2017 corrective assignment shows that MERS acted "as designated nominee for Aegis" and Plaintiff has not pleaded any facts to show that the corrective assignment was fraudulent or illegitimate.

This Court has several times described the relationship between MERS and the original lender or its successors as that of principal-agent. ECF 24 at 6 (citing *James v. ReconTrust Co.*, 845 F. Supp. 2d 1145, 1165 (D. Or. 2012)). MERS was lawfully able to act as an agent for Aegis in the 2017 corrective assignment, and legally assigned Aegis's beneficial interest in the deed of trust to BNYM, which then lawfully appointed Quality as trustee. As a result, Quality could lawfully initiate a non-judicial foreclosure.

Because Plaintiff's amended complaint fails to allege facts showing that the 2017 corrective assignment was not lawful and valid, Plaintiff's declaratory judgment claim fails for the reasons discussed in this Court's Opinion and Order. ECF 24. Plaintiff's breach of contract claim and intentional interference with economic relationship claim fail to state a plausible claim for relief for the reasons already enumerated in this Court's Opinion and Order dismissing the original Complaint. ECF 24.

Plaintiff has not shown that he is likely to succeed on the merits of his claims. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). The Court therefore finds that it would be inappropriate to continue to maintain the preliminary injunction imposed by the state court. Defendants SLS and BNYM's Motion to Dismiss and to Dissolve the Preliminary Injunction ECF 26 and ECF 27 are GRANTED. Plaintiff's Amended Complaint (ECF 25) is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 13th day of November, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge